**MING FANG LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Board of Immigration Appeals, Respondents.**

No. 06–0389–ag.

United States Court of Appeals, Second Circuit.

Sept. 20, 2006.

Henry Zhang, New York, NY, for Petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas, Paul Naman, Assistant United States Attorney, Beaumont, TX, for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Ming Fang Lin, a citizen of the People's Republic of China, seeks review of a January 12, 2006 order of the BIA denying his motion to reopen removal proceedings. *In re Ming Fang Lin,* No. A70 906 824 (B.I.A. Jan. 12, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). A motion to reopen must be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2). However, time and numerical limitations do not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Such changes are regularly referred to as "changed country conditions" and are distinguished from "changed personal circumstances." *See Jian Huan Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003).

Here, the BIA did not abuse its discretion in denying Lin's motion as untimely, where the final administrative decision in his case was entered in October 2002 and where he filed his motion to reopen in December 2005. Lin has not shown a change in country conditions that would warrant an exception to the filing deadline because the birth of his two children constitutes only a change in personal circumstances. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir.2006); *Jian Huan Guan,* 345 F.3d 47. Nor does Lin's newly submitted evidence of the sterilization of his sister and mother-in-law constitute changed circumstances in his country of nationality, as those events took place years before his hearing and he submitted evidence as to the former at the hearing.

In addition, even if the Court were to take judicial notice of the most recent State Department Profile on China, which Lin alleges indicates certain abuses of the family planning policy by some Chinese officials, that information would not be sufficiently particularized to establish that Lin has a reasonable fear of persecution. *See, e.g., Wei Guang Wang,* 437 F.3d at 274 (observing that the relevance of evidence on coercive family planning policies that is "not prepared specifically for

petitioner and ... not particularized as to his circumstances ... is limited"). Furthermore, there is no evidence to support Lin's assertion that the BIA failed to consider the documents he submitted. Lin is not entitled to a presumption that the BIA overlooked his evidence simply because it did not discuss it in denying his motion. *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 160 n. 13 (2d Cir.2006) (noting that the BIA need not "expressly parse or refute on the record" each piece of evidence submitted by a petitioner). Finally, Lin's argument that the BIA erred in relying on an unpublished decision by this Court is factually incorrect. *See In re Ming Fang Lin,* citing *Jian Huan Guan, supra.*

For the foregoing reasons the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.